UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NADIRA PITTMAN,

                    Plaintiff,

          -against-

STATE/LOCAL GOVERNMENT; FBI;
HOMELAND SECURITY,

                    Defendants.

26-CV-2041 (LLS)

ORDER OF DISMISSAL

LOUIS L. STANTON, United States District Judge:

Plaintiff, who is appearing *pro se*, brings this action asserting claims for monetary relief

and for injunctive relief in the form of an apology from unidentified persons and entities. By

separate order, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is,

without prepayment of fees. The Court dismisses the complaint for the reasons set forth below.

**STANDARD OF REVIEW**

The Court must dismiss an IFP complaint, or any portion of the complaint, that is

frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary

relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see*

*Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also

dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See*

Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to

construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret

them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470

F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted). But the "special

solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se*

pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

## BACKGROUND

The following allegations are drawn from the complaint.[1] From 2018 to the present, "[t]he United States local/state of NY have violated the Constitution of Amendment #1" by "systematically abusing [and] using its Alliance of Internal Structure to impede, abuse, intrude, torture, and steal of assets and resource." (ECF No. 1, at 4.) For the past nine years, Plaintiff "ha[s] been stalked, harassed and monitored for unknown means other than what seemed personal opinions and factors." (*Id*.) Her factual allegations conclude:

> Agencies listed within these attacked and assistant and/or ignored means of resources[:] NYC Police Department, MTA, Department of Justice, DHS, HRA, Mayors, City Hall, Public Advocate, District Attorneys' Office, NAACP, . . . FJC Security Services, AI (Artificial Intelligence), Public officials all either denied assistance and/or ignored abuse. Possible witness.

(*Id*.)

Plaintiff names as Defendants: (1) "State/Local Government"; (2) the Federal Bureau of Investigation; and (3) the Department of Homeland Security. She seeks $200 million in monetary relief and a public apology from unspecified persons or entities. (*Id*. at 5.)

## DISCUSSION

### A.      Plaintiff's claims are frivolous

Under the IFP statute, a court must dismiss an action if it determines that the action is frivolous or malicious. 28 U.S.C. §1915(e)(2)(B)(i). "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible."

---

[1] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are as in the original unless noted otherwise.

*Denton v. Hernandez*, 504 U.S. 25, 33 (1992). A complaint is "'factually frivolous' if the sufficiently well-pleaded facts are 'clearly baseless' − that is, if they are 'fanciful,' 'fantastic,' or 'delusional.'" *Gallop v. Cheney*, 642 F.3d 364, 368 (2d Cir. 2011) (quoting *Denton*, 504 U.S. at 32-33) (finding as frivolous and baseless allegations that set forth a fantastical alternative history of the September 11, 2001 terrorist attacks); *see also Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989) (A claim is frivolous when it "lacks an arguable basis either in law or in fact."); *Livingston*, 141 F.3d at 437("[A]n action is 'frivolous' when either: (1) the factual contentions are clearly baseless . . . ; or (2) the claim is based on an indisputably meritless legal theory." (internal quotation marks and citation omitted)). Moreover, a court has "no obligation to entertain pure speculation and conjecture." *Gallop*, 642 F.3d at 368.

Plaintiff's complaint is premised upon her belief that unidentified persons or entities have stolen her assets and resources and that other (or perhaps the same) unidentified persons or entities have been harassing and stalking her. That said, a "[p]laintiff's beliefs − however strongly [she] may hold them − are not facts." *Morren v. New York Univ.*, No. 20-CV-10802 (JPO) (OTW), 2022 WL 1666918, at *18 (S.D.N.Y. Apr. 29, 2022) (citation omitted), *report and recommendation adopted*, 2022 WL 1665013 (S.D.N.Y. May 25, 2022). Plaintiff provides no factual basis for her assertions that she was the victim of a nine-year stalking, harassment, and theft campaign. *See Lefkowitz v. John Wiley & Sons, Inc.*, No. 13-CV-6414 (KPF), 2014 WL 2619815, at *10 (S.D.N.Y. June 2, 2014) (complaint must set forth facts showing basis for information and belief); *Johnson v. Univ. of Rochester Med. Ctr.*, 686 F. Supp. 2d 259, 266 (W.D.N.Y. 2010) (even where necessary evidence is in "exclusive control of the defendant, . . . plaintiff must still set forth the factual basis for that belief").

The Court finds that Plaintiff does not provide any plausible factual support for her claims and that the claims  rise to the level of the irrational. *See Livingston*, 141 F.3d at 437. Plaintiff has provided the court with a narrative of what she believes − that Defendants have conspired to deprive her of her federally protected rights. Despite the details provided, Plaintiff has pleaded no factual predicate in support of her assertions. Plaintiff's allegations amount to conclusory claims and suspicions that are not plausible and must be dismissed as frivolous. *See Kraft v. City of New York*, 823 F. App'x 62, 64 (2d Cir. 2020) (holding that "the district court did not err in *sua sponte* dismissing the complaint as frivolous," based on the plaintiff's allegations that he had "been the subject of 24-hour, multi-jurisdictional surveillance by federal 'fusion centers' and the New York State Intelligence Center, which put a 'digital marker' on him in order to collect his personal data and harass him"); *Khalil v. United States*, No. 17-CV-2652 (JFB) (SIL), 2018 WL 443343, at *4 (E.D.N.Y. Jan. 12, 2018) (dismissing complaint where "[p]laintiff allege[d] a broad conspiracy involving surveillance of and interference with his life by the United States and various government actors" because his allegations were "irrational and wholly incredible").

**B.      Leave to amend denied**

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Plaintiff's complaint does not suggest that she is in possession of facts that would cure the identified deficiencies. *See Gallop*, 642 F.3d at 369 (district court did not err in dismissing claim with prejudice in absence of any indication plaintiff could or would provide additional allegations leading to different result); *Fischman v. Mitsubishi Chem. Holdings Am., Inc.*, No. 18-CV-8188 (JMF), 2019 WL 3034866, at *7 (S.D.N.Y. July 11, 2019) (declining to grant leave to

amend as to certain claims in the absence of any suggestion that additional facts could remedy defects in the plaintiff's pleading). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend and dismisses the action as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

**CONCLUSION**

The Court dismisses this action as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i). The Court directs the Clerk of Court to enter judgment dismissing this action.

SO ORDERED.

Dated:   March 24, 2026
         New York, New York

_Louis L. Stanton_
Louis L. Stanton
U.S.D.J.